CHRISTINA NOONAN AND MICHAEL NOONAN, PLAIN-
TIFFS, v. GREAT ATLANTIC AND PACIFIC TEA COM-
PANY AND FAIRMOUNT BOTTLING COMPANY, DE-
FENDANTS.

Argued October 7, 1926—Decided January 28, 1927.

Negligence—Injury to Customer in a Store Through the Explo-
sion of a Ginger Ale Bottle—There was Evidence to Show
That the Ale was Bottled Under a Pressure Higher Than
That Intended For Such Bottles, Also That the Proprietor
of the Store or His Employes Had Found Other Bottles of
the Ale Had Exploded—Held, That There was Sufficient Evi-
dence to go to Jury, That the Verdict was Not Against the
Weight of Evidence, but That the Verdict was Excessive.

On defendants' rules to show cause why plaintiffs' verdicts
should not be set aside.

Before GUMMERE, CHIEF JUSTICE, and Justices TREN-
CHARD and MINTURN.

For the plaintiffs, *Feder & Rinzler.*

For the defendant Great Atlantic and Pacific Tea Com-
pany, *Reed & Reynolds.*

For the defendant Fairmount Bottling Company, *Wright,
Vander Burgh & McCarthy.*

PER CURIAM.

The plaintiff Christina Noonan went to the store of the
defendant Great Atlantic and Pacific Tea Company to pur-
chase groceries. While she was there a ginger ale bottle,
which one of the clerks was selling to a customer, exploded,
and she was struck on the nose by a piece of flying glass.
Her claim was not only that the cut was the result of the
accident, but that a polyp developed in the inside of her nose

as a further result. The jury awarded her $5,000 damages and her husband $1,000 against both defendants.

This ginger ale was bottled by the defendant the Fairmount Bottling Company and sold at wholesale to the Great Atlantic and Pacific Tea Company. There was evidence to the effect that this ginger ale was bottled under a pressure of fifty pounds, and that thirty-five pounds was the maximum number of pounds which a bottle of the character used would stand without exploding. There was evidence on the part of an employe of the Atlantic and Pacific Tea Company from which the jury might have properly concluded that when he came to the store in the morning he would sometimes find that bottles of this ginger ale had exploded over night. In view of this evidence we think it was for the jury to say whether the Atlantic and Pacific Tea Company was not negligent in failing to take some means for the protection of customers from injury which might result from flying glass, in case bottles should explode during business hours.

As to the Fairmount Bottling Company: It seems to us, in view of the evidence to which we first referred, and other evidence, that it was a question for the jury to say whether that defendant had not failed in the exercise of reasonable care in the selecting of these bottles, and in inspecting and testing the bottles in which this ginger ale was put under a pressure of fifty pounds.

We think that the motions to nonsuit and to direct a verdict for the defendants were properly denied, and we think that the verdict of the jury finding negligence on the part of these two defendants cannot be said to be contrary to the weight of the evidence. We think, however, that both verdicts are plainly excessive under the evidence.

Under these circumstances, if plaintiff Christina Noonan will consent to a reduction of her verdict to $3,500, and her husband will consent to a reduction of his verdict to $750, such verdicts may stand for such amounts, and the rules will be discharged; otherwise, the rules will be made absolute.